| | ) | |
|---|---|---|
| **BRADLEY P DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 3:19-cv-76 |
| | ) | |
| MDC of Smithfield, Inc., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1. This is an action brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act as amended by the ADA Amendments Act of 2008 ("ADA") and state law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Bradley P. Davis, is a citizen of and a resident of Concord, Cabarrus County, North Carolina.

3. Defendant, MDC of Smithfield, Inc. is a domestic Corporation and may be served with process through its registered agent, Luther D. Starling, Jr., 405 East Market St., Smithfield, NC 27577-3921.

4. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law and the Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) as a substantial part of the acts giving rise to this action occurred in this District.

1

## ALLEGATIONS

6.  At all times relevant to this Complaint, Bradley P. Davis ("Plaintiff" or "Davis") was employed by Defendant as a Driver in Charlotte, North Carolina.

7.  Davis began employment with Defendant on or about October 16, 2016 and was employed until on or about March 23, 2017.

8.  Prior to beginning employment with Defendant, Davis was diagnosed with hidradenitis suppurativa, which is a skin condition that causes him to have periods of extreme skin irritation, pain and discomfort.

9.  Davis's medical condition was an impairment and disability as defined by the ADA because it substantially limited several of his major life activities including but not limited to, working, sleeping, walking, sitting and standing.

10. Defendant was made aware of Davis's disability at the time of hire due to Defendant's requirement that Davis undergo a physical examination prior to beginning work.

11. In March 2017, Davis's condition worsened to the point that he was unable to sit or stand for a long period of time without having severe pain. As a result, his doctor recommended surgical treatment.

12. On or about March 22, 2017, Davis was informed by his doctor that he would need to be written out of work for eight (8) weeks for the surgery and related post-operative care. Davis supplied Defendant with a note from his doctor indicating that he should not work for 8 weeks due to his medical condition.

13. Defendant knew Davis's requested leave was due to a disability, as defined under the ADA, failed to engage in an interactive process to determine the needed accommodation, denied Davis's request for accommodation and terminated Davis even though a reasonable accommodation was available, to wit: a short period of medical leave.

14. At all times relevant to the Complaint, Davis was a "qualified individual" as defined by 42 USC § 12111(8) of the ADA as he had been performing all the essential functions or could have performed the essential functions with a reasonable accommodation.

15. At all times relevant to the Complaint, Defendant was a covered "employer" as defined in 42 USC § 12111(5)(A) of the ADA.

16. Davis filed a charge of discrimination with the Equal Employment Opportunity Commission on May 9, 2017. (A redacted copy of that Charge is attached hereto as Exhibit A)

17. Davis received his Notice of Right to Sue, dated November 16, 2018, from the Equal Employment Opportunity Commission on November 19, 2018. (A redacted copy of that Notice is attached hereto as Exhibit B)

18. This Complaint is timely filed within 90 days of receipt of that Notice.

**FIRST CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act)**

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint.

20. Plaintiff had a disability as defined by the ADA at the time he was terminated from employment.

21. Plaintiff would have been able to perform his job if Defendant had reasonably accommodated his disability.

22. Defendant refused to provide Plaintiff with a reasonable accommodation, even though a reasonable accommodation was available.

23. Defendant's actions caused Plaintiff to suffer economic damages including but not limited to lost wages, pay and benefits.

24. Defendant intentionally, and with malice and reckless indifference of Plaintiff's rights, violated the ADA by refusing to accommodate his disability and subjecting him to disparate treatment, despite knowing the requirements of the ADA.

25. The Defendant's discriminatory conduct caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and inconvenience.

25. Therefore, Plaintiff sues Defendant for violation of ADA 42 U.S.C. § 12101 as amended by the ADA Amendments Act of 2008.

## SECOND CAUSE OF ACTION
### (Wrongful Discharge)

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint.

27. The public policy of the State of North Carolina as set forth in N.C.G.S. 143-422.1 *et. seq.* prohibits employers from terminating an employee, or otherwise subjecting employee to adverse employment actions, because of the employee's disability.

28. Defendant's termination of Plaintiff due to his disability is a violation of that public policy and, therefore, Defendant wrongfully discharged Plaintiff.

29. Defendant's termination of Plaintiff due to his disability caused Plaintiff's injuries including but not limited to losses in wages, salary and benefits and great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

30. Defendant's termination of Plaintiff was willful, intentional and in reckless disregard for Plaintiff's legally protected rights.

31. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court grant the following relief:

A. Reinstatement to his former position or an equivalent position.

B. Lost wages, salary, employment benefits and other compensation caused by Defendant's actions in violation of the the ADA.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

E. Any other compensatory damages suffered by Plaintiff which were caused by Defendant's actions as alleged herein.

F. The judgment bear interest at the legal rate from the date of filing this action until paid;

G. Defendant be taxed with the costs of this action;

H. Trial by a jury; and

I. The Court order such other and further relief as it may deem just and proper.

THIS the 14th day of February, 2019.

/s/ Michael C. Harman
Michael C. Harman NCSB# 43802
Catherine C. Byerley NCSB# 42875
Attorneys for the Plaintiff
HARMAN LAW, PLLC
8712 Lindholm Dr., Ste 300
Huntersville NC 28078
Telephone: 704.885.5550
Facsimile: 704.885.5551
E-mail: michael@harmanlawnc.com
E-mail: catherine@harmanlawnc.com